# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| EVA RENEE MCROY, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:17-CV-03373-DGK-SSA |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Eva Renee McRoy ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434 and 1381-1385. The Administrative Law Judge ("ALJ") determined Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work as an admission clerk and was not disabled.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications on September 24, 2014, alleging a disability onset date of May 18, 2012. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denials to an ALJ. The ALJ held a hearing, and on September 27, 2016, found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review on

September 27, 2017. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Plaintiff complains her RFC is not supported by substantial evidence because the ALJ erred by: (1) not incorporating the mild mental limitations he assessed at Step Two into the RFC at Step Four, (2) failing to provide good reasons for giving no weight to Dr. Putnam's opinion that Plaintiff needed a cane to ambulate, and (3) improperly evaluating whether Plaintiff's subjective reports were consistent with the medical evidence as required under SSR 16-3p. These arguments are unavailing.

**I.        The ALJ did not err in omitting Plaintiff's mild mental limitations from the RFC.**

At Step Two, the ALJ found Plaintiff's mental limitations were "non-severe" but still caused mild restrictions in activities of daily living, social functioning, and with regard to concentration, persistence, and pace. R. at 17-18. Plaintiff contends the ALJ erred by failing to incorporate those mild impairments into the RFC. The Court has recently rejected this exact argument, finding it ignores the distinction between the PRT at Step Two and the RFC at Step Four. *Taylor v. Berryhill*, 4:17-CV-01050-DGK-SSA, 2018 WL 5410977, at *3 (W.D. Mo. Oct. 29, 2018) (finding the ALJ committed no error in failing to incorporate mild limitations found at Step Two into the RFC at Step Four); *Johnson v. Berryhill*, 4:17-CV-0416-DGK-SSA, 2018 WL 2336297, at *2 (W.D. Mo. May 23, 2018) (discussing the distinction and holding that "[m]ild limitations in daily living activities, social functioning, and with concentration, persistence, and pace do not require a corresponding RFC limitation as Plaintiff suggests").[2] Because the ALJ found Plaintiff did not suffer from a severe mental impairment, *i.e.,* that her mental symptoms did not cause more than a minimal limitation in her ability to do basic work activities, no mental limitations on the RFC were necessary. The ALJ committed no error.

---

[2] After finding Plaintiff suffered from mild mental limitations at Step Two, the ALJ specifically noted that these "limitations identified in 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." R. at 18.

## II. The ALJ did not err in giving Dr. Putnam's opinion no weight.

Next, Plaintiff argues the ALJ erred in giving no weight to the opinion of Plaintiff's treating physician, John L. Putnam, M.D., that Plaintiff could not ambulate or walk 50 feet without stopping to rest due to a severe and disabling condition or ambulate or walk without the use of or assistance from an assistive device. The ALJ discounted Dr. Putnam's opinion because it was inconsistent with Dr. Putnam's own clinical and examination findings, Plaintiff's testimony, and the opinions of Scott Swango, M.D., and Justin Wilberding, D.O. R. at 24. Plaintiff says the ALJ's reasons for discounting Dr. Putnam's opinion are not "good reasons."

A treating physician's opinion will generally be given controlling weight when "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014) (alteration in original). But such weight is not automatic, and the ALJ must still evaluate the record as a whole. *Id*. "Where an ALJ assigns less than controlling weight to the opinion of a treating source, the ALJ must 'give good reasons' for doing so." *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (citing *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012)). "Good reasons for assigning lesser weight to the opinion of a treating source exist where the treating physician's opinions are themselves inconsistent, or where other medical assessments are supported by better or more thorough medical evidence." *Id*. (internal citations and quotations omitted).

In determining not to give any weight to Dr. Putnam's opinions, the ALJ noted his opinion was derived from looking at the standards used for obtaining a disabled person's license plate, which are different than the standards used by the Social Security Administration. 20 CFR §§ 404.1504, 416.904 (SSA is not bound by disability determinations made by other agencies).

4

To the extent the standards are consistent, however, the ALJ found Dr. Putnam's opinion was inconsistent with other credible evidence. The ALJ's conclusion finds support in the record.

Not only was Dr. Putnam's opinion inconsistent with his failure to prescribe a cane, it also was inconsistent with Dr. Putnam's own findings that Plaintiff suffered only slight limitation of motion and decreased strength in her knees. R. at 603, 792-94. His opinion also conflicted with Plaintiff's own testimony, in which she stated she used a cane only sometimes, and Plaintiff's testimony about her daily activities, which included vacuuming, doing the laundry, and taking care of her dogs. R. at 112-115, 124-27.

Plaintiff does not challenge the fact Dr. Putnam never prescribed a cane or that Plaintiff testified she did not always use a cane. Instead, Plaintiff invites the Court to adopt a different interpretation of these facts, namely that Dr. Putnam did not have to prescribe a cane because Plaintiff could get it elsewhere and that Plaintiff did in fact use her cane sometimes. That this evidence might allow for a different interpretation is of no importance; when there are two interpretations of the evidence and one of those interpretations supports the ALJ's findings, the Court must affirm the decision. *Chesser*, 858 F.3d at 1164.

The ALJ also discounted Dr. Putnam's opinion because it conflicted with the credible testimony of Drs. Wilberding and Swango. Plaintiff argues reliance on their opinions is misplaced. While it is true that both doctors issued their opinions in 2015 (before Dr. Putnam's opinion in 2016), each doctor addressed Plaintiff's condition during the period that she now seeks benefits. R. at 378-84, 761-770. Plaintiff provides no authority which holds that a medical opinion must be based on subsequently created medical records or must be discounted because it is not based on those records. The ALJ gave "significant weight to [Drs. Wilberding's and Swango's] opinions *at that time*," and then appropriately considered the consistency of their opinions within the record

5

as a whole, including the evidence before him that was added *after* their opinions were rendered. R. at 25 (emphasis added). Although these opinions conflict with Dr. Putnam's, the ALJ was in the best position to resolve any such discrepancies. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008).

Plaintiff also argues the ALJ erred by discounting Dr. Putnam's opinion because the ALJ believed Dr. Putnam's opinions were outside his specialty. In his decision, the ALJ wrote, "Furthermore, [Dr. Putnam's] opinions are *outside his specialty* not supported by his own objective clinical and examination findings that showed only slight limitation of motion and decreased strength in the claimant's knees." R. at 24 (emphasis added). It is clear that as an orthopedic surgeon, Dr. Putnam's opinions are not outside of his specialty. Read in context, however, it appears the ALJ simply made a typographical error and the phrase "outside his specialty" should have been omitted entirely from the sentence. Nevertheless, any reliance on this opinion being outside Dr. Putnam's specialty was harmless. Sufficient other evidence exists to support the ALJ's decision to discount Dr. Putnam's opinion. *See Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) ("[T]he deficiency does not require reversal since it had no bearing on the outcome").

Viewing the ALJ's opinion in light of the record as a whole, substantial evidence supports the ALJ's decision to assign no weight to Dr. Putnam's opinion, which was inconsistent with Dr. Putnam's own notes and other evidence in the record. *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (internal inconsistency and conflict with other evidence on the record constitute good reasons to assign lesser weight to a treating physician's opinion).

### III. The ALJ did not err in determining Plaintiff's subjective complaints were inconsistent with the record.

Finally, Plaintiff claims the ALJ failed to properly evaluate whether Plaintiff's subjective reports were consistent with the medical evidence as required by SSR 16-3p, 2016 WL 1119029

6

(Mar. 16, 2016). The ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are generally consistent with the medical evidence," but found that "her self-imposed limitations are not supported by medical records." R. at 20.

Plaintiff says the ALJ improperly evaluated Plaintiff's credibility as to her limitations. While SSR 16p-3 replaced SSR 96-7p, it did not alter the ALJ's process on a substantive level; it simply eliminated the use of the word "credibility," replacing it with "consistency." In other words, SSR 16p-3 clarified that an ALJ's evaluation of a claimant's subjective claims is not intended to be a character determination, but instead a determination regarding whether the claimant's subjective limitations are consistent with the other evidence in the record. That is exactly what the ALJ did here.

The ALJ found Plaintiff's self-imposed limitations were not reliable because they did not comport with the other evidence in the record. For example, Plaintiff alleges she can walk only half a block, sit for 10 to 15 minutes, and stand for 10 to 15 minutes. R. at 20. But Plaintiff admitted she was able to prepare meals, drive a car, shop in stores, watch television, vacuum, wash laundry, water plants, feed her dogs, and clean the kitchen. R. at 124, 126-27, 287-92, 296. And although Plaintiff alleged her right hand became numb after only a couple of minutes on the computer, she admitted to killing a deer with a crossbow the last time she hunted. R. at 125, 614. The ALJ may consider a claimant's activities of daily living and discount her subjective complaints of disabling pain if the activities are more extensive than would be expected if the person was disabled. *Chaney v. Colvin*, 812 F.3d 672, 677 (8th Cir. 2016) (finding the ALJ did not err by relying on the claimant's daily activities in discrediting his subjective complaints).

The medical records in the case also support a finding that Plaintiff was not quite as limited as she alleged. Between January 2015 and July 2015, Plaintiff's medical records revealed that she

had responded well to treatment and surgery and was suffering only mild limitations. R. at 361-62, 379-80, 622-25, 633, 647, 653, 666, 677, 682, 719, 722-23. Further, on two different occasions in 2015, Plaintiff denied experiencing any pain at all for at least a two-week period. R. at 613, 621. And although Plaintiff complained about debilitating headache pain, she denied such symptoms at her medical exams. R at 651, 733, 743-52. *See Kamann v. Colvin*, 721 F.3d 945, 951 (8th Cir. 2013) (an ALJ may discount subjective limitations when the limitations are inconsistent with the record).

The record contains substantial evidence to support the ALJ's decision that Plaintiff's limitations were not as severe as she alleged. The ALJ recognized the on-going nature of Plaintiff's conditions, discussed them throughout the decision, and accounted for Plaintiff's credible limitations in the RFC finding. The ALJ committed no error.

## Conclusion

The ALJ thoroughly outlined substantial evidence in the record to support Plaintiff's RFC. For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  November 20, 2018   /s/ Greg Kays
                                                              GREG KAYS, CHIEF JUDGE
                                                              UNITED STATES DISTRICT COURT